1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FREDERICK COOLEY,                          No.  2:14-cv-2011 KJM CKD PS

12                  Plaintiff,

13        v.                                     ORDER AND

14   CITY OF VALLEJO, et al.,                    FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17        Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to

18   28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by

19   Local Rule 302(c)(21).

20        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable

21   to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma

22   pauperis will be granted.  28 U.S.C. § 1915(a).

23        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.

4          In order to avoid dismissal for failure to state a claim a complaint must contain more than

5   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

9   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

12  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

13  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

14  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

15  U.S. 232, 236 (1974).

16          The Civil Rights Act under which this action was filed provides as follows:

17          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
18          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
19          law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

24  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

25  omits to perform an act which he is legally required to do that causes the deprivation of which

26  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

28  their employees under a theory of respondeat superior and, therefore, when a named defendant

2

1  holds a supervisorial position, the causal link between him and the claimed constitutional

2  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

4  and conclusory allegations concerning the involvement of official personnel in civil rights

5  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6       In this action, plaintiff alleges that his First Amendment rights to free speech and

7  association have been violated by the City of Vallejo and Deputy City Attorney Kelly Trujillo

8  because defendant Trujillo refused to engage in a Rule 26(f) conference with plaintiff, a non-

9  lawyer, who was assisting some pro se litigants.  Defendants' actions in refusing to discuss legal

10  matters with a non-lawyer regarding a pro se litigant's case do not infringe plaintiff's First

11  Amendment rights.  See generally National Ass'n for Advancement of Colored People v. Button,

12  371 U.S. 415, 433-437 (1963) (Virginia statute proscribing arrangement by which prospective

13  litigants are advised to seek assistance of particular attorneys violates protected freedoms of

14  expression and association.)  In this case, defendant simply abided by the California Rules of

15  Professional Conduct.  Defendant took no actions which impaired plaintiff's ability to engage in

16  free speech or association.  Because amendment would be futile, this action should be dismissed.

17       Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma

18  pauperis (ECF No. 2) is granted; and

19       IT IS HEREBY RECOMMENDED that this action be dismissed.

20       These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22  after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  /////

25  /////

26  /////

27  /////

28  /////

1   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

3   Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  September 10, 2014

5   _____
    CAROLYN K. DELANEY

6   UNITED STATES MAGISTRATE JUDGE

7

8   4 cooley2011.ifp.57

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28